UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BERNADETTE D'SOUZA,

      Plaintiff,

v.                                      Case No. 8:05-CV-01398-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social
Security

      Defendant.

_____/

## **ORDER**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff seeks judicial review of an administrative decision denying her supplemental security income ("SSI").  Plaintiff argues that the Administrative Law Judge (ALJ) erred by (1) failing to properly consider Plaintiff's complaints of pain, (2) failing to consider Plaintiff's combination of impairments, and (3) failing to pose a complete and comprehensive hypothetical to the vocational expert.  After reviewing the record, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence.  Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

    *A.  Background*

Plaintiff was 49 years old at the time of the ALJ's decision on March 21, 2001.  She has a high school education and past relevant work experience as an office clerk and certified nursing assistant.  Plaintiff alleges disability beginning on March 12, 1998, due to low back pain, neck

spasms, hand pain with numbness, joint pain and depression.[1]  Plaintiff's application was denied both initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ.  On March 21, 2001, the ALJ denied Plaintiff's claim and on June 3, 2005, the Appeals Council denied Plaintiff's request for review.  Plaintiff filed an appeal to this Court and the case is now ripe for review.

B.  *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR § 416.920(f).

---

[1] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this order.  *See* R. 11-13.

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

### C.  Discussion

#### 1. Pain Standard

Plaintiff contends the ALJ failed to properly apply the pain standard in evaluating her complaints of chronic diffuse pain, hand and arm weakness and numbness, leg weakness, and depression. Defendant asserts the ALJ's application of the pain standard was proper in that Plaintiff failed to present objective medical evidence of her pain symptoms. The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. § 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. § 404.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical

history, and statements about treatment the claimant has received. *See* 20 C.F.R. §

416.912(b)(2)-(6).

The Eleventh Circuit pain standard incorporates this scheme by requiring: evidence of an

underlying medical condition and either (a) objective medical evidence that confirms the severity

of the alleged pain arising from that condition or (b) that the objectively determined medical

condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551,

1553 (11th Cir. 1986).  Indeed, in certain instances, pain alone can be disabling even if

unsupported by objective evidence. *Foote* at 1561.

The medical evidence from Drs. Shah and Zaidi indicates that Plaintiff's symptoms

showed improvement with the assistance of medication (R. 83), and pain that could be controlled

through medication (R. 11).  Neither Dr. Shah nor Dr. Zaidi imposed physical limitations on

Plaintiff.  State agency physician David Langenbrunner opined Plaintiff could perform a

significant range of light work (R. 137-144) and the ALJ accorded his opinion prior weight since

it was consistent with the other record medical evidence.  Although Dr. Hatton, the psychologist,

notes that Plaintiff suffers from a pain disorder associated with both psychological factors and a

general medical condition  (R. 156), she opined her ability to return to the work force was

primarily dependent on her physical health and deferred to Plaintiff's physicians in this regard.

As the ALJ noted in her decision, despite Plaintiff's testimony, the medical evidence

supports the conclusion that Plaintiff was improving under the care of her physicians, her pain

could be controlled with medications, and she was not severely impaired as a result of the pain as

alleged by Plaintiff  (R. 13).  Accordingly, I find the ALJ properly applied the Eleventh Circuit's

pain standard and her decision is supported by substantial evidence.

The Plaintiff also argues the ALJ improperly used the "sit and squirm" test.  This test involves an ALJ subjectively arriving at an index of traits which he or she expects the claimant to manifest at the hearing, and then denying the claim if the claimant falls short of the index. *Freemand v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982).  Here, the ALJ contrasted Plaintiff's appearance and demeanor at the hearing with her allegations that she cannot perform any type of work activity due to pain (R. 12).  As the regulations require the ALJ to consider the totality of the evidence in making a disability determination, the ALJ properly may consider Plaintiff's demeanor so long as it is not the sole consideration for a credibility finding. *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987).  In making her credibility determination, the ALJ not only considered Plaintiff's demeanor and appearance, but also considered her inconsistent testimony, her conservative medical treatment, her ADLs, the objective medical evidence, and medical opinions of record.  Thus, her consideration of Plaintiff's demeanor and appearance was proper.

### 2. Combination of Impairments

Plaintiff contends that the ALJ failed to properly consider her degenerative disc disease, arthritis, and fibromyalgia in combination.  She also asserts that the ALJ failed to consider her depression in combination with her physical ailments.  The regulations require "[M]ental and psychological defects can combine with physical impairments to create total disability to perform gainful employment." *Brenem v. Harris*, 621 F.2d 688 (5th Cir. 1980).  The regulations further provide:

> We can combine unrelated impairments to see if together they
> are severe enough to keep you from doing substantial gainful
> activity.  We will consider the combined effects of unrelated
> impairments only if all are severe and expected to last 12

5

months.

20 CFR §§ 404.1522; 416.922.

The ALJ sufficiently considered and discussed Plaintiff's impairments in combination in reaching her decision. Dr. Shah treated Plaintiff from May 27, 1998, through August 13, 1999. Dr. Shah's treatment notes indicate degenerative disc disease, arthritis, as well as fibromyalgia (R. 81-85). Subsequent to Dr. Shah, Plaintiff treated with Dr. Zaidi who diagnosed diffuse aches and pains (R. 113). Finally, Dr. Hatton, a psychologist, found that Plaintiff suffered from a pain disorder (R. 156). The ALJ considered the opinions of Drs. Shah, Zaidi, and Hatton, the medications she took, the treatment she received, and her daily activities before concluding she had no symptomology of a disabling level of severity at any time prior to March 20, 2001 (R. 11-15). It is clear from the record that the ALJ thoroughly evaluated the medical reports and correctly determined Plaintiff is not disabled due to a combination of impairments.

### 3. Posing of Hypothetical to Vocational Expert

Plaintiff contends that the ALJ erred in failing to provide a comprehensive and complete hypothetical to the vocational expert. Specifically, she asserts the ALJ failed to address her complaints related to her use of hands as well as her chronic pain and inability to deal with the public. As the Commissioner notes, however, the hypothetical posed by the ALJ encompassed all of the credible limitations supported by the evidence.

While the ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1

(11th Cir. 1987); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985).  Finally, because the ALJ concluded Plaintiff is capable of performing her past relevant work, testimony from a vocational expert was not necessary.  *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir. 1990).

    *D.  Conclusion*

    For the reasons stated, it is hereby

    ORDERED:

    1. The Plaintiff's complaint is DISMISSED and the Commissioner's decision is AFFIRMED.

    IT IS SO ORDERED at Tampa, Florida on this 28th day of August, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record